1
2
3
4
5
6

David P. Force, Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Ave., Suite 303
Englewood Cliffs, NJ 07632
(T) (201) 461-0059
(F) (201) 608-7116
(E) DPF@lupoloverlaw.com
Attorneys for Plaintiff

7
8
9

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**VINCINAGE OF NEWARK**

10
11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| **JEHREL PLASTICS INC.,** individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **TYCHEM LLC AND**; DOES 1 through 10, inclusive, <br><br> Defendant(s). | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

21
22
23

Plaintiff, JEHREL PLASTICS INC. ("Plaintiff"), on behalf of itself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

24

**NATURE OF THE CASE**

25
26
27
28

1.      Plaintiff brings this action for itself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of TYCHEM LLC ("Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff via "telephone facsimile

1
2
3
4

machine" in violation of the Telephone Consumer Protection Act, *47. U.S.C. §
227 et seq*. ("TCPA"), thereby causing Plaintiff and all others similarly situated to
incur the costs of receiving unsolicited advertisement messages via "telephone
facsimile machines" and invading their privacy.

5

## JURISDICTION & VENUE

6
7
8

2.     Jurisdiction is proper in this Court under *28 U.S.C. § 133* because
this matter concerns a question of federal law, in particular the Telephone
Consumer Protection Act, 47 U.S.C. § 227 et. seq..

9
10
11
12
13
14
15
16
17
18
19

3.     Venue is proper in the United States District Court for the District of
New Jersey, Vicinage of Newark pursuant to *28 U.S.C. § 1391(b)(2)* because
Defendant does business within the state of New Jersey and Plaintiff resides
within this District. Specifically, and explained in more detail below, Plaintiff
alleges on information and belief, that Defendant faxed advertisements that
included direct solicitation of consumers, such as the facsimile communications
that Defendant sent to Plaintiff that make up the basis for this case, as explained
in detail below. As a result, Defendants both intentionally sought to obtain
benefits from this state and within this jurisdictional district, when they sent such
facsimile communications to Plaintiff at its place of residence in Bayonne, New
Jersey.

20

## PARTIES

21
22
23

4.     Plaintiff, JEHREL PLASTICS INC. ("Plaintiff"), is a natural person
residing in Bayonne, New Jersey and is a "person" as defined by *47 U.S.C. § 153
(39)*.

24
25
26

5.     Defendant, TYCHEM LLC ("Defendant" or "DEFENDANT"), is in
the business of providing hazardous waste disposal, and is a "person" as defined
by *47 U.S.C. § 153 (39)*.

27
28

6.     The above named Defendant, and its subsidiaries and agents, are
collectively referred to as "Defendants." The true names and capacities of the

---

**CLASS ACTION COMPLAINT**
**-2-**

1
2
3
4
5
6

Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7
8
9
10
11
12
13

7.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

14

## FACTUAL ALLEGATIONS

15
16

8.     On or about February 15, 2017, Defendant sent Plaintiff a facsimile communications to Plaintiff's facsimile telephone number ending in -6121.

17
18
19
20

9.     Defendant contacted Plaintiff via facsimile from telephone number 720-710-0671 that belongs to Defendant. Plaintiff was not aware who was contacting it as Plaintiff had never had any relationship between Defendant before receiving these facsimile messages.

21
22
23
24
25
26

10.     Defendant's fax constituted "telephone solicitation" as defined by the TCPA, *47 U.S.C. § 227(a)(4)* and "unsolicited advertisement" as defined by the TCPA, *47 U.S.C. § 227(a)(5)*.  For example, Defendant's fax offered to buy excess raw materials and chemicals from Plaintiff in order to entice Plaintiff to purchase Defendants services. The full facsimile communications are attached hereto as Exhibit A.

27
28

11.     Defendants used a "telephone facsimile machine" as defined by *47 U.S.C. § 227(a)(3)* to place its calls to Plaintiff seeking to sell or solicit its

1   business services.

2      12.    Defendants' calls constituted calls that were not for emergency

3   purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

4      13.    Defendants' calls were placed to telephone facsimile numbers

5   assigned to a telephone service for which Plaintiff incurs a charge for incoming

6   messages.

7      14.    Plaintiff is not a customer of Defendants' services and has never

8   provided any personal information, including his telephone facsimile number(s),

9   to Defendants for any purpose whatsoever. Accordingly, Defendants never

10  received Plaintiff's "prior express consent" to receive calls using a telephone

11  facsimile machine pursuant to *47 U.S.C. § 227(b)(1)C)*.

12                          **CLASS ALLEGATIONS**

13     15.    Plaintiff brings this action on behalf of himself and all others

14  similarly situated, as a member of the proposed class (hereafter "The Class")

15  defined as follows:

16          All persons within the United States who received any
17          solicitation  telephone  facsimile  messages  from
            Defendant  or  its  lead  generators  to  said  person's
18          telephone facsimile number made through the use of
19          any telephone facsimile machine  within the four years
            prior to the filing of this Complaint
20

21     16.    Plaintiff represents, and is a member of, The Class, consisting of All

22  persons within the United States who received any solicitation telephone

23  facsimile messages from Defendant or its lead generators to said person's

24  telephone facsimile number made through the use of any telephone facsimile

25  machine  within the four years prior to the filing of this Complaint.

26     17.    Defendant, its employees and agents are excluded from The Class.

27  Plaintiff does not know the number of members in The Class, but believes the

28  Class members number in the thousands, if not more. Thus, this matter should be

certified as a Class Action to assist in the expeditious litigation of the matter.

18.     The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

19.     Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their telephone facsimile numbers thereby causing Plaintiff and Class members to incur certain charges or reduced telephone facsimile time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and Class members.

20.     Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.     Whether, within the four years prior to the filing of this Complaint, Defendant sent telephone facsimile messages (other than for emergency purposes or made with the prior express consent of the called party and with an opt-out notice contained in the messages) to a Class member using any telephone facsimile machine to any telephone number assigned to a telephone facsimile service;

b.     Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c.     Whether Defendant should be enjoined from engaging in such conduct in the future.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

21.    As a person who received a message from Defendant using a telephone facsimile machine, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

22.    Plaintiff will fairly and adequately protect the interests of the members of The Class.   Plaintiff has retained attorneys experienced in the prosecution of class actions.

23.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.   Even if every Class member could afford individual litigation, the court system could not.   It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.   By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

**FIRST CAUSE OF ACTION**
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

25.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

26.     The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

27.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00  in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

28.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

29.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30.     The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

31.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

32.     Plaintiff and the Class members are also entitled to and seek

1    injunctive relief prohibiting such conduct in the future.

2                              **PRAYER FOR RELIEF**

3    WHEREFORE, Plaintiff requests judgment against Defendant for the following:

4                            **FIRST CAUSE OF ACTION**

5    **Negligent Violations of the Telephone Consumer Protection Act**

6                             **47 U.S.C. §227 et seq.**

7    • As a result of Defendant's negligent violations of *47 U.S.C.*
8      *§227(b)(1),* Plaintiff and the Class members are entitled to and
9      request $500 in statutory damages, for each and every violation,
10     pursuant to *47 U.S.C.  227(b)(3)(B)*; and

11   • Any and all other relief that the Court deems just and proper.

12                          **SECOND CAUSE OF ACTION**

13   **Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

14                            **47 U.S.C. §227 et seq.**

15   • As a result of Defendant's willful and/or knowing violations of *47*
16     *U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to
17     and request treble damages, as provided by statute, up to $1,500, for
18     each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and
19     *47 U.S.C. §227(b)(3)(C)*; and

20   • Any and all other relief that the Court deems just and proper.

21                                **JURY DEMAND**

22       33.    Pursuant to the Seventh Amendment to the Constitution of the
23   United States of America, Plaintiff reserves their right to a jury on all issues so
24   triable.

25

26

27

28

---

1    Respectfully Submitted this 30th Day of October, 2017.

2

3

4                                            By:   /s/ David. P. Force, Esq.
                                                   David P. Force, Esq.
5                                                  Law Offices of Michael Lupolover, P.C.
                                                   120 Sylvan Ave., Suite 303
6                                                  Englewood Cliffs, NJ 07632
                                                   (T) (201) 461-0059
7                                                  (F) (201) 608-7116
                                                   (E) DPF@lupoloverlaw.com
8

9

10                                                 Matthew Sheffield, Esq.
                                                   Law Offices of Michael Lupolover, P.C.
11                                                 120 Sylvan Ave., Suite 303
                                                   Englewood Cliffs, NJ 07632
12                                                 (T) (201) 461-0059
                                                   (F) (201) 608-7116
13                                                 (E) DPF@lupoloverlaw.com

14

15                                                 *Attorneys for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

